IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN ROBERT DEMOS, JR., #287-455  &ast;

    v.  &ast;  CIVIL ACTION NO. CCB-10-0006

THE STATE OF WASHINGTON, et al.,  &ast;
    &ast;&ast;&ast;&ast;&ast;

## MEMORANDUM

On January 4, 2010, John Robert Demos, Jr., incarcerated in the McNeil Island Correctional Center in Steilacoom, Washington, filed the instant case. Demos has neither moved for leave to proceed *in forma pauperis,* nor paid the civil filing fee. Based on plaintiff's incarceration and previous filings with the court, he appears to be impoverished.

A prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The undersigned, who is familiar with Demos's previous civil filings, notes that since 1997, Demos has had numerous cases dismissed as frivolous and at least one which was previously dismissed under 28 U.S.C. § 1915(g).[1] Demos alleges in the instant action that "Native American tribes are not sovereign, and thus they cannot

---

[1] *See Demos v. Motellap*, Civil Action No. MJG-00-698 (D. Md. 2000); *Demos v. Doe*, Civil Action No. MJG-00-547 (D. Md. 2000); *Demos v. Doe*, Civil Action No. JG-00-1035 (E.D. Pa. 2000); *Demos v. Scott Paper Co.,* Civil Action No. JG-97-4109 (E.D.Pa. 1997); *Demos v. Mikulski*, Civil Action No. CCB-03-1730 (D. Md. 2003); *Demos v. United States*, Civil Action No. CCB-09-3205 (D. Md. 2009).

The foregoing is a small sampling of the cases filed by Demos which were *sua sponte* dismissed by the court. The court notes that a review of PACER reveals that plaintiff has filed hundreds of cases throughout the country, the bulk of which have been filed in the United States District Court for the District of Washington. Staff at the United States District Court for the District of Washington report that plaintiff is subject to a bar order, entered prior to the adoption of the PLRA, wherein plaintiff's cases are screened before they are accepted for filing.

enter into 'trieaties'." He does not allege nor in any way indicate that he "is under imminent danger of serious physical injury." In light of the foregoing, the court concludes the case shall be dismissed without prejudice.

     A separate Order follows.

  __January 19, 2010__                       _____/s/_____
Date                                                     Catherine C. Blake
                                                               United States District Court